IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JON VAN de GRIFT, et al.<br><br>                Plaintiffs,<br><br>v.<br><br>RICHARD HIGGINS, et al.<br><br>                Defendants. | **ORDER TO SHOW CAUSE**<br><br>Case No. 2:10-CV-01057-CW<br><br>Judge Clark Waddoups |

       This court "must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings."[1] As such, the court must first consider whether it has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332. The Tenth Circuit has explained that "when a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal."[2] The court concludes that Plaintiffs' complaint is deficient in this respect to persons individually named, John Does, corporations, unincorporated parties, and trusts.

       First, "[u]nder the diversity jurisdiction statute, the federal courts have original jurisdiction to decide a plaintiff's state-law lawsuit if the dispute is between . . . citizens of different States. A party's "citizenship" for purposes of federal jurisdiction is determined by looking to the person's domicile. Domicile, in turn, is determined by finding the last place where a person resided with

---

[1] *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998).
[2] *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (citations omitted).

1

an intention of remaining there indefinitely."[3] Simply asserting, for example, that Jack Widerecht "does or has done business in Salt Lake County" does not establish his citizenship.[4]

Second, Plaintiffs failed to make a good-faith allegation as to the citizenship of the substantive "John Doe" Defendants.[5] Plaintiffs simply name as defendants, for example, "John Does 1-20 and any and all other successor entities to Lehman Brothers."[6] Because this says nothing of citizenship, diversity is not established.

Third, Congress has established that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."[7] The failure of the complaint in this respect can be illustrated two-fold: It is not sufficient to assert that LaSalle Bank "is a national bank with its principal place of business in Chicago, Illinois, that does or has done business in Salt Lake County, Utah."[8] This says nothing of LaSalle's state of incorporation, which may destroy diversity. Nor is it sufficient to assert that Trans Lending Corporation is a Colorado corporation, which does or has done business in Salt Lake County, Utah.[9] This says nothing of Trans Lending's principal place of business, which may also destroy diversity.

Fourth, "while the rule regarding the treatment of corporations as 'citizens' has been firmly established, [the Supreme Court has] just as firmly resisted extending that treatment to other entities."[10] Thus, "for entities other than corporations (and sometimes trusts), diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of all the members, the

---

[3] *Hassan v. Allen*, No. 97-4005, 1998 U.S. App. LEXIS 13583, at *16-17 (10th Cir. June 24, 1998) (citations omitted).
[4] (Compl., ¶ 18).
[5] *See Commonwealth Property Advocates, LLC v. Ocwen Loan Servicing, LLC, et al.*, No. 2:10-CV-86, 2010 U.S. Dist. LEXIS 42228 (D. Utah April 29, 2010).
[6] (Compl., ¶ 11).
[7] 28 U.S.C. § 1332(c)(1).
[8] (Compl., ¶ 13).
[9] (Compl., ¶ 17).
[10] *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522-23 (10th Cir. 1991) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (1990)).

several persons composing such association, each of its members."[11] Plaintiffs have failed to demonstrate that diversity exists relative to each unincorporated organizations' members.

Lastly, it is not sufficient to simply assert that subject matter jurisdiction is proper on account of where a trust was formed. The Tenth Circuit has stated that where a trust at issue is "an express trust . . . the question is whether its trustees are real parties to this controversy . . . ."[12] Plaintiffs' complaint is likewise deficient on this point.

Accordingly, Plaintiffs are hereby ordered to show cause why their complaint should not be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332. Alternatively, Plaintiffs may amend their complaint or voluntarily withdraw their action from the federal docket. In any event, Plaintiffs are to respond accordingly within 10 days of this order. Defendants' time to respond will not toll until such an amended complaint has been properly submitted or the court otherwise orders such response.

DATED this 3rd day of November, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge

---

[11] *Penteco Corp.*, 929 F.2d at 1523 (quoting *Carden*, 494 U.S. at 195-96); *see also Rolling Greens MHP, L.P. v. Compcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (stating that the "citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization.").
[12] *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369, 1371 (10th Cir. 1998).